## THE J. H. WILLIAMS.

(District Court, E. D. New York. June 21, 1920.)

1. Towage ⬅➡11(7)—**Tug held at fault in attempting to take two loaded boats.**

Where a tow collided with a bridge abutment and was injured, *held*, that the tug was at fault in attempting to take two loaded boats; the tide being at flood.

2. Towage ⬅➡11(2)—**City not liable for collision of tow with bridge.**

Where a tow collided with a bridge abutment, but there was nothing to indicate any obstruction under water, the city, which constructed the bridge, was not liable, even if there was a slight roughness of the stones under water.

In Admiralty. Libel by Joseph Kenny against the Tug J. H. Williams, claimed by the Cornell Steamboat Company, which impleaded the city of New York. Petition against the City of New York dismissed, and decree for libelant against claimant.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Foley & Martin, of New York City, for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for claimant.

John P. O'Brien, of New York City (Charles J. Carroll, of Brooklyn, N. Y., of counsel), for city of New York.

GARVIN, District Judge. On November 9, 1919, the steam tug J. H. Williams took in tow on her port side two vessels, loaded with coal. One of these, the Sarah T. Kenny, was made fast to the tug; the other was on the port side of the Kenny. Thus made up, the tow started from 119th street and East River, bound for 138th street and Harlem River. While approaching the Willis avenue bridge, with the tide strong flood, which was in the direction in which the tow was proceeding, the Kenny was swung around and brought into collision with the abutment of the bridge and injured. A libel was filed against the Williams, and the claimant has brought in by petition the city of New York, alleging that the accident was caused because of the unlawful existence of under-water projections along the face of the abutment, which were not protected by piling.

[1, 2] The circumstances under which the accident happened lead to the conclusion that the pilot of the tug was negligent in attempting to take the two loaded boats. He testified, it is true, that he navigated the boat carefully, had been through the bridge several times before. The owner of the Kenny, however, testified that he had never been taken through the bridge with two boats in the tow, and, with the tide running as it was, it seems to me quite clear that the tug captain could not be reasonably certain of retaining control over his tow, with both boats loaded with a heavy cargo, on the same side of the tug. The Kenny was injured about five feet below the water line. Her bottom was not damaged. No evidence was offered of any submerged ledge or projection. The testimony was quite to the contrary. The accident may have been caused by a water-logged spar, which was drifting below the surface of the water, or by some slight roughness on the face of the pier. There is no obligation to have a highly polished surface of stone under water. There is nothing to indicate that the construction of the pier was in any respect unusual, and there appears to be no reason for holding the city even partially liable. The authorities cited in behalf of the owner of the J. H. Williams, who urges that the city be held partly, at least, liable, are cases in which there was a distinct submerged obstruction or projecting ledge.

A decree will accordingly be entered, dismissing the petition against the city of New York, and in favor of the libelant against the claimant, with the usual reference to fix the damages.